UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

Acumatica, Inc.,

                Plaintiff,

     vs.

Onalytica Inc.,

                Defendant.

------------------------------------------------------------------X

Case No. _____

**COMPLAINT**

Plaintiff Acumatica, Inc., ("Acumatica" or "Plaintiff") by and through its undersigned counsel and for its complaint against defendant Onalytica Inc. ("Onalytica" or "Defendant") states and alleges as follows:

## **NATURE OF THE ACTION**

1. Acumatica provides Enterprise Resource Planning (known as "ERP") software through various mediums to small and medium sized businesses.

2. Onalytica provides influencer relationship management software to assist businesses with marketing efforts through social media platforms.

3. Acumatica engaged Onalytica to market Acumatica's ERP software through Onalytica's influencer relationship management software. Onalytica failed to deliver.

4. This litigation arises from Onalytica's failure to fully perform pursuant to the Agreement for the Provision of Services (the "Services Agreement") by and between Plaintiff and Defendant, among other related agreements.

1

5. Acumatica seeks entry of a money judgment against Onalytica for an amount of $197,876.00 because Onalytica failed and refused to provide paid-for services as required by the parties' agreement.

## PARTIES, JURISDICTION AND BACKGROUND

6. Plaintiff Acumatica is a Washington corporation with its principal place of business located at 3075 112th Avenue NE, Suite 200, Bellevue, WA 98004. Acumatica is therefore a resident of the State of Washington.

7. Defendant Onalytica is, upon information and belief, a New York corporation with its principal place of business located at 535 5th Ave., Floor 4, New York, NY 10017. Onalytica is therefore a resident of the State of New York.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

9. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this District.

## FACTUAL BACKGROUND

10. On June 5, 2025, Acumatica and Onalytica entered into the Acumatica – Influencer & Onalytica Payment Quote (the "Passthrough Agreement" and together with the Services Agreement, the "Agreement") wherein Onalytica agreed to, among other things, "hold and facilitate" payments for $50,000 worth of invoicing and to "pay influencers within 30 days of invoices being paid and receipt of the influencer invoice . . . ." A true and correct copy of the Passthrough Agreement is attached as **Exhibit A**.

11. Acumatica and Onalytica entered into the Services Agreement on September 23, 2025. A true and correct copy of the Services Agreement is attached as **Exhibit B**.

12. Pursuant to the Services Agreement and in exchange for payment, Onalytica agreed to provide Acumatica access to the following services ("Services"):

| Description | Details | Unit Price | Quantity | Frequency | Total Price |
|---|---|---|---|---|---|
| Onalytica SaaS Platform License | Up to 1 Users, 1 program, up to 50 influencers. 1 User training plan | $1,000 | 1 | 12 | $12,000 |
| Strategy | See Key Deliverables | Inclusive | 1 | 1 | Inclusive |
| Program Managed Services | See Key Deliverables | $6,780 | 1 | 12 | $81,360 |
| Reporting | See Key Deliverables | Inclusive | 1 | 2 | Inclusive |
| Customer Support | See Key Deliverables | Inclusive | 1 | 12 | Inclusive |
| | | | | | |
| **Onalytica Services: $93,360** | | | | | |
| **Onalytica Services (discount rate if signed before October 1, 2025): $85,000** | | | | | |
| **Influencer Budget: $45,000** | | | | | |
| **Total: $130,000** | | | | | |

13. Onalytica is in default of the Agreement for the following reasons, among others (the "Defaults"):

    a. Onalytica has failed to provide Acumatica services pursuant to the Services Agreement in an amount not less than $148,750.00. This is a material breach of the Key Deliverables, as that term is defined in the Services Agreement.

    b. Despite Acumatica's payment to Onalytica of $50,000.00 pursuant to the Passthrough Agreement, Acumatica was required to pay Influencers an amount of $47,126.00 for services procured by Onalytica pursuant to the Services Agreement, and for which Onalytica should have paid to such Influencers pursuant to the Passthrough Agreement. This is a material breach of the Passthrough Agreement.

14. Due to Onalytica's Defaults of the Agreement, Onalytica owes Acumatica an amount not less than $195,876.00 (the "Default Amount").

15. On May 18, 2026, Acumatica provided Onalytica with a Notice of Default and Demand for Cure (the "Demand") seeking payment of the Default Amount. A true and correct copy of the Demand is attached as **Exhibit C**.

16. The Demand provided a 30-day cure period.

17. Onalytica has failed and refused to respond to the Demand and the Default Amount remains due and outstanding.

18. Without cure, as described in the Demand, the Agreement terminated without further notice pursuant to § 10.3 of the Services Agreement.

19. Section 12.7 of the Services Agreement further provides that Onalytica agreed to pay Acumatica's "reasonable attorney fees and other costs incurred by [Acumatica] under this Agreement following [Onalytica's] breach of the section title[d] 'Invoicing and Payment.'"

20. Acumatica has incurred and will incur attorneys' fees in its efforts to collect the Default Amount.

**COUNT I**
**BREACH OF CONTRACT**

21. Acumatica incorporates by reference and realleges the foregoing paragraphs as if fully stated herein.

22. Pursuant to the Agreement and in exchange for payment, Onalytica agreed to provide the Services to Acumatica.

23. Acumatica paid Onalytica no less than $195,876.00 for the agreed upon Services.

24. Onalytica has failed and refused to provide the Services to Acumatica.

25. Acumatica has been damaged in an amount not less than $195,876.00, plus attorneys' fees.

26. Acumatica is entitled to a money judgment in its favor and against Onalytica for the Default Amount, plus attorneys' fees.

## COUNT II
## UNJUST ENRICHMENT

27. Acumatica incorporates by reference and realleges the foregoing paragraphs as if fully stated herein.

28. Pursuant to the Agreement, Acumatica has conferred benefits upon Onalytica in the form of payment of $195,876.00.

29. Onalytica has accepted and benefitted from Acumatica's payment of $195,876.00 while failing and refusing to provide the Services as required in the Agreement.

30. It would be inequitable to allow Onalytica the benefits received form the Agreement without full performance thereunder.

31. As a result of Onalytica's failure to provide the Services, Acumatica has been damaged by Onalytica in an amount not less than $195,876.00.

32. Acumatica is entitled to a money judgment in its favor and against Onalytica for the Default Amount, plus attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Acumatica respectfully requests that this Court enter an order granting a money judgment against Onalytica and in favor of Acumatica in the amount of $195,876.00 plus attorneys' fees and for such other and further relief as the Court may deem just and equitable.

5

Dated:  July 16, 2026                          **BALLARD SPAHR LLP**

By: _____

Kelly Lin
link@ballardspahr.com
Charles E. Nelson (*pro hac vice* forthcoming)
nelsonc@ballardspahr.com
BALLARD SPAHR LLP
1675 Broadway
19th Floor
New York, NY  10019-5820
Telephone: 212.223.0200
Facsimile: 212.223.1942

*Attorneys for Acumatica, Inc.*